UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LELAND PARKER, LINDA PARKER, and<br>LINCOLN LANDMARK PROPERTIES, INC.,<br>an Arizona corporation,<br><br>   Plaintiffs,<br><br> v.<br><br>RONALD L. HOSTETLER, GAIL L. HOSTETLER,<br>HOSTETLER LAWN & LANDSCAPING, INC.,<br>an Indiana corporation, GRAVEL LANE, INC.,<br>an Indiana corporation, and COUNTRY LANE<br>DEVELOPMENT, L.L.C., an Indiana corporation,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) NO. 3:07 CV 336 JTM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiffs Leland Parker, Linda Parker, and Lincoln Landmark Properties, Inc., all citizens of Arizona, brought this lawsuit premised upon diversity jurisdiction, *see* 28 U.S.C. § 1332, against defendants Ronald Hostetler, Gail Hostetler, Hostetler Lawn & Landscaping, Inc., Gravel Lane, Inc., and Country Lane Development, L.L.C., all citizens of Indiana, alleging conversion, deception, and breach of fiduciary duties. Defendants have moved to dismiss pursuant to FED. R. CIV. P. 12(b)(3) for improper venue, arguing that forum selection clauses in certain land trust agreements govern this dispute, and make Elkhart County, Indiana, the exclusive venue for filing suit (DE# 10).

**Factual Background**

In 2003, plaintiffs Leland and Linda Parker and defendants Ronald and Gail Hostetler formed a partnership[1] to purchase and develop a 109-acre parcel of real property located in Elkhart County, Indiana, referred to as "The Farm." (Compl. at 3-4). In 2004, the partners purchased another 37-acre parcel of land located adjacent to The Farm in Elkhart, Indiana, known as "The Woods." (Compl. at 4-5). The partners agreed upon specific terms that would control the investment, development, and management of the land for residential purposes and the distribution of proceeds derived from lot sales. (Compl. at 3-5). In addition, the partners entered into two written land trust agreements, one on May 7, 2003 for The Farm (the "Fisher Trust"), and one on February 1, 2004[2] for The Woods (the "Signature One Trust"). (Hostetler Aff. at ¶¶ 8-10, 15-19, Exbs. B, C). The land trusts hold the titles to the respective properties, and designate Gail Hostetler as the Trustee, bestowing upon her various rights and duties.[3] *Id*. The land trust agreements also contain identical forum selection clauses, which state as follows:

---

[1] The Parkers and the Hostetlers will be collectively referred to hereinafter as "the partners."

[2] The effective date of the Signature One Trust is February 1, 2004, however the agreement was not signed until July 26, 2006. (Hostetler Aff. at ¶¶ 15-17, Exb. C).

[3] For instance, the land trust agreements allow Mrs. Hostetler to have exclusive management and control over the property as if she were the absolute owner thereof, to perform all acts which in her judgment are necessary and proper for the protection and preservation of the Trust property, to develop any land, to pay the necessary expenses of the Trust, and to employ such persons as may seem expedient. (Hostetler Aff. at ¶¶ 8, 17, Exbs. B, C).

>    21. <u>Governing Law</u>.  This agreement, and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Indiana. **The parties herein waive trial by jury and agree to submit to the personal jurisdiction and venue of a court of subject matter jurisdiction located in the County in which the property sits.**  In the event that litigation results from or arises out of this Agreement or the performance thereof, the parties agree to reimburse the prevailing party's reasonable attorney's fees, court costs, and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled.  In such event, no action shall be entertained by said court **or any court of competent jurisdiction** if filed more than one year subsequent to the date the cause(s) of action actually accrued regardless of whether damages were otherwise as of said time calculable.

*Id.* (**emphasis added**) (hereinafter referred to as "forum selection clauses").

The partners' development of The Farm and The Woods ("the project") worked well until late 2006, when business slowed down and tension mounted between them. (Compl. at 5).  The Parkers became suspicious of the Hostetlers, questioning whether the Hostetlers were properly handling the project's financial affairs.  (Compl. at 7).  In order to ease concerns raised by the Hostetlers about their personal liability for the project, the partners agreed to form limited liability companies to use to continue the project. (Compl. at 6).  Thus, on January 1, 2007, defendant Country Lane Development, L.L.C. was formed by the Hostetlers, and Country Lane Development Group, L.L.C.[4] was formed by two corporations: plaintiff Lincoln Landmark Properties, Inc., of which Leland Parker is president; and defendant Gravel Lane, Inc., of which Ronald Hostetler

---

[4] For reasons unknown to the court, Country Lane Development Group, L.L.C. is not named as a party.

is president. *Id.* According to plaintiffs, the creation of these limited liability companies did not affect or alter the partners' agreed-upon terms regarding the development and management of The Farm and The Woods. *Id.*

Nevertheless, after the formation of the limited liability companies, the relationship between the partners again turned sour, as the Hostetlers refused to give the Parkers copies of books, invoices, bills, and other documents related to the project. (Compl. at 7). Eventually the Hostetlers provided some documents, and upon further investigation the Parkers suspected that the Hostetlers were misappropriating the project's funds. *Id.*  As a result, the Parkers and Lincoln Landmark Properties, Inc., filed this lawsuit against the Hostetlers and their related entities, stating claims for conversion, deception, and breach of fiduciary duties. (Compl. at 7-13).

Defendants have moved to dismiss the action contending that the lawsuit arises out of the land trust agreements, that the forum selection clauses are applicable, and that the only proper venue for the lawsuit is Elkhart County, Indiana.  On the other hand, plaintiffs contend that their claims arise out of the verbal partnership agreement and the written operating agreements for the two limited liability companies which do not contain forum selection clauses, and thus the parties are allowed to sue in any court, including this one.  In the alternative, plaintiffs assert that even if the land trust agreements are applicable to the case, the forum selection clauses found in the agreements are permissive and allow the parties to sue in federal court.

## Discussion

A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Rule 12(b)(3). *See Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007); *Muzumdar v. Wellness Intern. Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006); *Continental Ins. Co. v. M/V ORSULA,* 354 F.3d 603, 606-07 (7th Cir. 2003). Plaintiff has the burden of establishing proper venue. *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182 (7th Cir. 1969). In resolving the issue, the court must take all allegations in the complaint as true, and although the court may examine facts outside the complaint, such as affidavit testimony, the court must resolve all factual conflicts and draw all reasonable inferences in the plaintiffs' favor. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987), *superceded by statute on other grounds*. To that end, the court may also consider contracts attached to the motion to dismiss that are referred to in the plaintiffs' complaint and are central to the claim. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

Under either federal or Indiana law, forum selection clauses are valid and enforceable. *IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.*, 437 F.3d 606 (7th Cir. 2006); *Dexter Axle Co. v. Baan U.S.A., Inc.*, 833 N.E. 2d 43 (Ind. Ct. App. 2005). In fact, the parties herein assert neither that the land trust agreements nor that the forum selection clauses contained therein are invalid or unenforceable. Therefore, the general validity of the agreements and the forum selection clauses are not in dispute. The parties also do not assert, nor are there any facts to suggest, that the land trust

agreements or the forum selection clauses are contrary to public policy, the result of unequal bargaining power, or invalid due to fraud or undue influence. Rather, the parties state that the dispositive issues are whether: (1) the plaintiffs' claims arise under the land trust agreements (and thus the forum selection clauses govern personal jurisdiction and venue for this suit); and (2) the language of the forum selection clauses makes Elkhart County, Indiana, the exclusive location of personal jurisdiction and venue, such that dismissal of the present case is appropriate.

As to the first issue, the court finds that it is inconsequential whether plaintiffs' claims arise from the land trust agreements, and for purposes of the motion the court need not determine the same, because the court agrees with the Parkers' secondary argument that the forum selection clauses are permissive, not exclusive. Therefore, even if the land trust agreements apply, as defendants assert they do, the forum selection clauses do not preclude plaintiffs from filing this lawsuit in a federal court that has subject-matter jurisdiction, but is not located in Elkhart County, Indiana. *See* 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3803.1 (3d ed. 2007) (permissive forum selection clauses, often described as "consent to jurisdiction" clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere).

"The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH,*

6

972 F.2d 753, 757 (7th Cir. 1992) (citing *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)).  The forum selection clause at issue in this case is not ambiguous, confusing, or vague.[5]  It clearly states, "The parties . . . agree to submit to the personal jurisdiction and venue of a court of subject matter jurisdiction located in the County in which the property sits."   The property, The Farm and The Woods, are situated in Elkhart County, Indiana.  But this clause contains no mandatory language indicating the parties' intent to make venue exclusive.  Nor does it state that any dispute "shall be filed" in Elkhart County, Indiana.  *Compare M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) (contract provided that "[a]ny dispute arising must be treated before the London Court of Justice"); *Muzumdar v. Wellness Intern. Network, Ltd.*, 438 F.3d 759, 761-62 (7th Cir. 2006) ("shall be proper only" or "shall be proper" in Dallas County, Texas); *Paper Exp., Ltd.*, 972 F.2d at 756 (the phrase "shall be filed" coupled with the phrase "all disputes" manifested the intent to make venue compulsory and exclusive);[6] *Grott v. Jim Barna Log Systems-Midwest, Inc.*, 794 N.E. 2d 1098 (Ind. Ct. App.

---

[5] One question that has perplexed the federal courts is whether to apply state or federal law when interpreting the forum selection clause to determine whether it is valid and mandatory.   *See* 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3803.1 (3d ed. 2007).  However, it seems that the interpretation and character of the contract must be governed by state law. *Id.* (citing *Northwest Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir. 1990) (Posner, J.)(dictum)("Validity and interpretation are separate issues, and it can be argued that as the rest of the contract in which a forum selection clause is found will be interpreted under the principles of interpretation followed by the state whose law governs the contract, so should that clause be.").  Neither side invokes any interpretive principles founded on a particular state's law as the land trust agreements confirm that the laws of Indiana apply.  In any event, under either Indiana law or federal law the result is the same, because the language at issue is unambiguous.

[6] In *Paper Exp. Ltd.*, the Seventh Circuit noted that numerous other courts have construed only mandatory language as conferring exclusive jurisdiction.  *Paper Exp., Ltd.*, 972 F.2d at 756-57 (citing *In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 94 (5th Cir. 1979) ("venue ... shall be laid in

2003) ("any disputes . . .shall be determined according to Tennessee law and may be heard only in a court of competent jurisdiction in the State of Tennessee" was held to be exclusive language requiring litigation to occur in Tennessee).

The language in the clauses at issue here says nothing about the Elkhart County courts having exclusive jurisdiction. The plain meaning and effect of the language is merely that the parties consented to personal jurisdiction and venue in any court in Elkhart County with subject-matter jurisdiction. Thus, the parties could not object to litigation in the Elkhart County courts on the ground that the court lacked personal jurisdiction over them or that venue was improper. Such consent does not mean that the parties were waiving their rights to file suit in another jurisdiction, and so the forum selection clauses fall short of designating an exclusive forum and are permissive rather than mandatory. *See Dunne v. Libbra,* 330 F.3d 1062, 1064 (8th Cir. 2003) (ruling that the clause "this agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction to [sic] the state courts of the State of Illinois" contained no plain language to support a finding of

---

the County of Essex"); *Intermountain Sys., Inc. v. Edsall Constr. Co.,* 575 F.Supp. 1195, 1197 (D.Colo. 1983) ("venue shall be in Adams County, Colorado"); *Gordonsville Industries v. American Artos Corp.,* 549 F.Supp. 200, 204 (W.D.Va. 1982) ("the place for litigation shall be the [Civil Court] in Bochum, Germany"); *Hoes of Am., Inc. v. Hoes,* 493 F.Supp. 1205, 1206 (C.D.Ill. 1979) ("[a]ny court procedures shall be held in Bremen"); *Taylor v. Titan Midwest Constr. Corp.,* 474 F.Supp. 145, 148 (N.D.Tex. 1979) ( "venue shall be ... [where] the principal offices of the Contractor are located"); *Public Water Supply Dist. No. 1 v. American Ins. Co.,* 471 F.Supp. 1071, 1071 (W.D.Mo. 1979) ("venue shall lie in Mercer County, State of Missouri"); *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71, 72 n. 3 (S.D.N.Y. 1978) ("suit ... shall be brought in either San Diego or Los Angeles County"); *General Elec. Co. v. City of Tacoma,* 250 F.Supp. 125, 125 n. 1 (W.D.Wash. 1966) ("venue ... shall be in the Superior Court of the State of Washington in and for the County of Pierce")).

8

exclusivity, nor was the clause ambiguous, thus the clause was permissive); *Hunt Wesson Foods, Inc., v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987) (deeming the forum selection clause permissive where it provided that the courts of Orange County, California, "shall have jurisdiction over the parties in any action" arising out of the contract, because although the word "shall" is a mandatory term, here it mandated nothing more than that the Orange County courts have jurisdiction); *See also, Dorel Steel Erection Corp. v. Capco Steel Corp.*, 392 F.Supp.2d 110, 113-14 (D. Mass. 2005) (the contract language was unambiguous and permissively stated that the parties "consent to and confer jurisdiction on" Rhode Island state and federal district courts and "waive any objections to venue in such courts"); *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261 (S.D. Fla. 2004) (the parties agreed to "submit [to] the jurisdiction of the Courts of Singapore" was held to contain no exclusive language precluding the parties from bringing covered claims in other courts because the parties merely agreed that any objections to jurisdiction in Singapore by either of them would be barred [if a covered claim were brought in the Singapore courts] and that jurisdiction elsewhere was not waived); *National Council on Compensation, Ins., Inc. v. Caro & Graifman, P.C.*, 259 F.Supp2d 172 (D.Conn. 2003) (the language "agree to submit to the jurisdiction of Supreme Court New York County, in any action or proceeding" was permissive as decided under federal law); *Walter E. Heller & Co. v. James Godbe Co.,* 601 F.Supp. 319, 320-21 (N.D.Ill. 1984) (provision in which lessee "submit[ted] to jurisdiction" of Illinois courts "merely established [Illinois] as a permissible forum with jurisdiction over [defendants]"); *River West Meeting Associates, Inc. v. Avaya, Inc.,* 2003 WL 21026790, *2 (N.D.Ill. 2003) (holding

9

that the forum selection clause stating: "the parties agree to submit to the jurisdiction of the state and federal courts of New Jersey," was permissive because the provision did not deprive the plaintiff its right to pursue its action outside of New Jersey, nor did it strip the court of jurisdiction).

Further, it cannot be said that South Bend, Indiana is an inconvenient forum, where the defendants are residents and citizens of Middlebury, Indiana, less than 45 minutes away. No facts suggest that allowing the suit to remain in the chosen forum leads to an unjust or unreasonable result, or that defendants would be deprived of their day in court– especially in light of defendants' argument that suit would be proper if filed in neighboring Elkhart County, Indiana. *See AAR International Inc., v. Nimelias Enterprises, S.A.*, 250 F.3d 510 (7th Cir. 2001); *Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E. 2d 43 (Ind. Ct. App. 2005).

The bottom line is this: the forum selection clauses mutually agreed upon by the partners resulted in the Parkers, citizens and residents of Arizona, consenting to be sued in Elkhart County, Indiana, but did not require them, if cast as plaintiffs, to choose Elkhart County as the exclusive venue for suit. Even though the Parkers might have been able to establish jurisdiction and venue in a court more convenient to them, they chose to file this lawsuit in Indiana anyway,[7] defendants' home state and the location of the co-owned property on which the dispute centers. Thus, assuming for now that the

---

[7] Albeit in federal, as opposed to state, court. Although plaintiffs' claims are premised upon Indiana law, they were entitled to file suit in federal court under 28 U.S.C. § 1332 because of the named parties' diverse citizenship.

10

land trust agreements are at the heart of, and will dictate the result of, this litigation, the express intent of the parties' permissive forum selection clauses shall be respected, and plaintiffs will not be denied their choice of forum.

## Conclusion

For the foregoing reasons, the court **DENIES** defendants' motion to dismiss plaintiffs' complaint (DE# 10).

**SO ORDERED.**

**Enter:** February 6, 2008

                                    s/ James T. Moody_____
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT